Matthew J. McGuire, Esq.
Post Office Box 877
Patagonia, Arizona 85624
(520) 841-1975
Arizona Bar Number 016654
Email: 2matt.mcguire@gmail.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **United States of America,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**Abelardo Albert Lizarraga,**<br><br>**Defendant.** | **CR 26-5187-RM-LCK**<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT MOTION FOR STAY OF RELEASE**<br><br>**Hon. Rosemary Marquez** |

Defendant, Abelardo Albert Lizarraga, by his attorney Matthew J. McGuire, files the following Response to the Government's Motion for Stay of Release (ECF 17) filed October 6, 2026. The Government objects to the Magistrate's Order directing the release of Mr. Lizarraga decided on the same day.

Respectfully submitted this 12th of October, 2026.

/s/Matthew J. McGuire
Attorney for Defendant

**FACTS:**

On August 21, 2026, a Tucson Police officer ("TPD") in an undercover capacity located a Facebook account under the name of an "Abel Acedo" who state police officers later believed was the defendant in this case, Abelardo Lizarraga. Over the next four days there were messages between the parties where Mr. Lizarraga allegedly stated that Lizarraga could build a custom gun or sell one of three Glock pistols for $400. In the end, Mr. Lizarraga did not sell any firearms to law enforcement in this matter but admitted that he was a daily illegal drug user.

**PROCEDURAL HISTORY**

On September 21, 2026, the pretrial services bail report (ECF 7) indicated that the defendant was suitable for drug treatment at CBI in Tucson, Arizona. On September 23, 2026, Magistrate Price set a dangerousness hearing for October 6, 2026. The hearing was held and an ATF agent testified that Lizarraga had a 2017 state felony conviction and that Lizarraga was a prohibited possessor due to the prior state felony conviction. Nonetheless, Pretrial Services maintains that Mr. Lizarraga is a suitable candidate for release to a drug rehabilitation program

**LAW AND ARGUMENT**

The standard of review on appeal from a Magistrate's order is the clearly erroneous standard. The Government must show that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The Government does not differentiate in their motion the two standards the Government must satisfy to overturn the ruling of the Magistrate.

The Government recital traces the 18 U.S.C § 3142(g) factors and offers its opinion that the facts as charged in the Indictment support detention. The Government, without any citation to case law, asserts the Magistrate's release decision is clearly erroneous. The Government offers no direct criticism of the PTS report which was central in reaching the pretrial release

decision. However, an Indictment is not evidence and aside from the undisputed 2017 state court felony conviction, the charges alleged in the Indictment remain in dispute.

**NINTH CIRCUIT CRIMINAL JURY INSTRUCTION 14.3 ON FIREARMS DEALER**

The well-developed Ninth Circuit case law on firearm dealer matters does not include a case where there is no completed sale of a firearm. The comment to the Ninth Circuit Jury Instruction on Dealing, Importing, or Manufacturing Without License states: "the government must prove beyond a reasonable doubt that the defendant engaged in a greater degree of activity than the occasional sale of a hobbyist or collector." *United States v. King*, 735 F.3d 1098, 1106 (9th Cir. 2013). The present case is different from the vast majority of 18 U.S.C. § 922 cases in this District because the present case is based upon a very brief state police investigation and no sale of a firearm.

In the *King* case, cited supra, the defendant was selling guns at an Arizona gun show under a California corporate license. There was considerable legal activity in the case but for purposes of this response, the accused in the *King* case was definitely selling guns. In another gun dealer case, a California dealer was selling guns at an Arizona gun show since he had a Federal Firearms License. *United States v. Ogles*, 406 F.3d 586 (9th Cir. 2005) en banc. For purposes of the present case, there is no doubt *Ogles* was selling guns.

A third prominent published gun sale case is really the most relevant to the present matter. *United States v. Breier*, 813 F.2d 212 (9th Cir. 1987). The *Breier* opinion concerned the frequency and volume of sales. Breier was selling guns at gun shows in 1984 and 1985. Once again, there were actual sales in each of the major published Ninth Circuit decisions on this crime. In the present Lizarraga case, the Government has no proven sale.

The Government will contend the statute does not require an actual sale as the statute does not contain a specific number of sold items. 18 U.S.C. 922(a)(1). However, there is no controlling or published Ninth Circuit decision that demonstrates a defendant was convicted of the offense without ever making an actual sale.

Finally, the Government cites to the *Hir* case. *Hir* was a case of first impression on whether a pretrial detention finding for danger to the community may be based only on danger to a 'foreign community" *United States v. Hir*, 517 F.3d 1081 (9th Cir. 2008). The *Hir* case concerned a terrorism charge for assisting the Islamic Liberation Front in the Philippines and whether Mr. Hir constituted a danger to people in the Philippines. The defense fails to see the immediate relevance of *Hir* to the present case. Mr. Lizarraga is a life-time Tucson resident and he had a feud with another young man about ten years ago for which he served his time in the Arizona Department of Corrections for that misconduct. The magnitude of the *Hir* case far exceeds any possible risk of danger Mr. Lizarraga may pose to the community. The defense contends *Hir* does not establish that the Magistrate's decision is contrary to law.

For the reasons stated above, we ask the District Court to affirm the order of the Magistrate releasing Mr. Lizarraga as requested by pretrial services.